

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Rec'd 2·21·19
Cert. Mail (LT)

**Monique R. Davis**
_____
Plaintiff
vs.

**Washington Metropolitan Area Transit Authority**
_____
Defendant

Case Number   **2019 CA 000178 V**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Michael D. Reiter**
Name of Plaintiff's Attorney

**7852 Walker Drive, Suite 300**
Address
**Greenbelt, MD 20770**

**(301) 220-0050**
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   **01/11/2019**

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                           Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

MONIQUE R. DAVIS
Vs.                                                            C.A. No.        2019 CA 000178 V
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge KELLY A HIGASHI
Date:  January 11, 2019
Initial Conference: 9:30 am, Friday, April 19, 2019
Location:  Courtroom A-47
           515 5th Street NW
           WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

Filed
D.C. Superior Court
01/10/2019 10:35AM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MONIQUE R. DAVIS
307 K Street NW
Apt. 1204
Washington, DC 20001

    Plaintiff,

v.                                   Case No. 2019 CA 000178 V

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
600 5th Street, N.W.
Washington, DC 20001

SERVE ON:
OFFICE OF GENERAL COUNSEL
– WMATA
600 5th Street, N.W.
Washington, DC 20001

    Defendant.

## COMPLAINT
(Negligence, Agency, Negligent Entrustment, Negligent Training, Hiring, Retention and Supervision, Negligence Per Se)

### I. INTRODUCTION

Plaintiff, Monique R. Davis, by and through undersigned counsel, Benjamin T. Boscolo, Michael D. Reiter, and **CHASENBOSCOLO** INJURY LAWYERS, brings this cause of action against the Defendant, WMATA for damages resulting from its agent's negligent operation of a motor vehicle, agency, negligent entrustment, negligent training, hiring, retention, and supervision, and negligence per se.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is founded upon D.C. Code 11-921, et seq, 2001 Edition, as supplemented.

### III. PARTIES

2. Plaintiff, Monique R. Davis (hereinafter "Ms. Davis") is an adult female who is a resident of the District of Columbia.

3. Upon information and belief, Defendant Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA), is a corporation authorized to do business in the District of Columbia.

### IV. STATEMENT OF FACTS

4. On April 20, 2016, Ms. Davis was riding a bus owned by WMATA and driven by WMATA's employee, Jacqlene Banks (hereinafter "WMATA bus driver"), with the permission and consent of Defendant WMATA and within the scope of her employment with WMATA. The bus was traveling northeast within the 1300 block of Southern Avenue near the entrance to United Medical Center's service lane in Washington, DC.

5. At approximately the same time and place, a motorcyclist identified as Demetrius Keys was operating a motorcycle westbound on the 1300 block of Southern Avenue with the right of way near the entrance to United Medical Center.

6. At approximately the same time and place, The WMATA bus driver failed to yield the right of way while making a left turn, colliding with Mr. Keys and causing severe physical and emotional injuries to Ms. Davis.

7. At the time of the crash, it was the duty of the WMATA bus driver to operate her vehicle in a safe and reasonable manner for the conditions then existing. This duty included, but was not limited to, always making the safest choice while operating her vehicle to prevent injury or death to anyone.

8. At the time of the crash, it was the duty of the WMATA bus driver to yield the right of way to other vehicles on the road to prevent injury or death to anyone.

9. At the time of the crash, it was the duty of the WMATA bus driver to observe all vehicular safety rules then and there in effect to prevent injury or death to anyone.

10. At the time of the crash, it was the duty of the WMATA bus driver to yield to oncoming traffic while making a left turn to prevent injury or death to anyone.

11. At the time of the crash, it was the duty of the WMATA bus driver to react to changing conditions on the road to prevent injury or death to anyone.

12. At the time of the crash, it was the duty of the WMATA bus driver to watch the road while driving to prevent injury or death to anyone.

13. At the time of the crash, it was the duty of the WMATA bus driver to drive at a safe speed to prevent injury or death to anyone.

14. At the time of the crash, it was the duty of the WMATA bus driver to drive at a speed that would allow her to safely apply her brakes to prevent injury or death to anyone.

15. At the time of the crash, it was the duty of the WMATA bus driver to pay full time and attention to the operation of her motor vehicle to prevent injury or death to anyone.

16. At the time of the crash, it was the duty of the WMATA bus driver to see all things in plain view to prevent injury or death to anyone.

17. At the time of the crash, it was the duty of the WMATA bus driver to see other vehicles or pedestrians on or near the roadway who were there to be seen to prevent injury or death to anyone.

18. At the time of the crash, it was the duty of the WMATA bus driver to control the bus to avoid hitting anyone or anything to prevent injury or death to anyone.

19. The WMATA bus driver breached her duty, when she did not make the safest choice while operating the bus to prevent injury or death to anyone.

20. The WMATA bus driver breached her duty, when she did not yield the right of way to other vehicles on the road to prevent injury or death to anyone.

21. The WMATA bus driver breached her duty, when she did not observe all vehicular safety rules then and there in effect to prevent injury or death to anyone.

22. The WMATA bus driver breached her duty, when she did not yield the right of way to oncoming traffic while turning left to prevent injury or death to anyone.

23. The WMATA bus driver breached her duty, when she did not react to changing conditions on the road to prevent injury or death to anyone.

24. The WMATA bus driver breached her duty, when she did not watch the road while driving to prevent injury or death to anyone.

25. The WMATA bus driver breached her duty, when she did not drive at a safe speed to prevent serious injury or death to anyone.

26. The WMATA bus driver breached her duty, when she did not drive at a speed that would allow her to safely apply her brakes to prevent injury or death to anyone.

27. The WMATA bus driver breached her duty, when she did not pay full time and attention to the operation of the bus to prevent injury or death to anyone.

28. The WMATA bus driver breached her duty, when he did not see all things in plain view to prevent injury or death to anyone.

29. The WMATA bus driver breached her duty when she failed to see other vehicles or pedestrians on or near the roadway who were there to be seen to prevent injury or death to anyone.

30. The WMATA bus driver breached her duty when she did not control the bus to avoid hitting anyone or anything to prevent injury or death to anyone.

31. At the time of the crash, the WMATA bus driver, was an employee of Defendant WMATA and was operating a vehicle owned by Defendant WMATA with their permission and consent. She was operating the bus within the scope of her employment and that consent. As such, the WMATA bus driver was acting as an agent of Defendant WMATA.

32. As an owner of the bus, Defendant WMATA had a duty to refrain from placing a dangerous instrumentality in the custody of an individual who they knew or should have known would fail to handle the dangerous instrumentality consistent with the vehicular safety rules then and there in effect.

33. As an owner of the bus, Defendant WMATA had a duty to investigate the driver operating its vehicle to prevent serious injury or death to others.

34. As an owner of the bus, Defendant WMATA had a duty to supervise the driver operating its vehicle to prevent serious injury or death to others.

35. As an owner of the bus, Defendant WMATA had a duty to ensure that the driver operating its vehicle followed all vehicular safety rules then and there in effect to prevent serious injury or death to others.

36. As an owner of the bus, Defendant WMATA had a duty to train the driver operating its vehicle to prevent serious injury or death to others.

37. Defendant WMATA breached its duty, when it entrusted its vehicle to the WMATA bus driver who it knew, or should have known, would not handle the vehicle consistent with the vehicular safety rules then and there in effect and would endanger other persons traveling in the bus and on the road. The WMATA bus driver endangered others traveling in the bus and on the road when she failed to operate her vehicle consistent with the vehicular safety rules then and there in effect.

38. Defendant WMATA breached its duty, when it did not investigate the driver operating its vehicle to prevent serious injury or death to others.

39. Defendant WMATA breached its duty, when it did not supervise the driver operating its vehicle to prevent serious injury or death to others.

40. Defendant WMATA breached its duty, when it did not ensure that the driver operating its vehicle followed all vehicular safety rules then and there in effect to prevent serious injury or death to others.

41. Defendant WMATA breached its duty, when it did not train the driver operating its vehicle to prevent serious injury or death to others.

42. As a direct and proximate result of the negligence of Defendant WMATA and its driver, Ms. Davis sustained severe and permanent injuries. These injuries include past, present and future pain, suffering, immobility, humiliation, isolation, disfigurement, lost wages, and impact on work. These injuries have caused and will continue to cause Ms. Davis to expend great sums of money for hospitals, physicians, and related care and treatment. Ms. Davis has

also suffered and will continue to suffer from mental and emotional harms and losses, including isolation, humiliation, fright, pain, nervousness, indignity, and anguish.

43. Ms. Davis observed all safety rules and neither contributed to the violation of the safety rules which caused the collision nor assumed the risk of the injuries sustained.

## V. STATEMENT OF CLAIMS
### COUNT I (NEGLIGENCE)

44. Plaintiff Monique R. Davis incorporates the allegations of paragraphs one through forty-three above and, in addition, avers that Defendant WMATA is responsible for their agent's negligent operation of a motor vehicle justifying an award of monetary damages against them.

### COUNT II (NEGLIGENT ENTRUSTMENT)

45. Plaintiff Monique R. Davis incorporates the allegations of paragraphs one through forty-four above and, in addition, avers that the Defendant WMATA's conduct in this regard constitutes negligent entrustment of a motor vehicle justifying an award of monetary damages against them.

### COUNT III (NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION)

46. Plaintiff Monique R. Davis incorporates the allegations of paragraphs one through forty-five above and, in addition, avers that the Defendant WMATA's conduct in this regard constitutes negligent hiring, training, retention and supervision of employees who drive its motor vehicles justifying an award of monetary damages against them.

### COUNT IV (NEGLIGENCE PER SE)

47. Plaintiff Monique R. Davis, incorporates the allegations of paragraphs one through forty-six above and, in addition, avers that the violation of statutes by Defendant WMATA

caused harm to Ms. Davis and is negligence per se, justifying an award of monetary damages against them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Monique R. Davis prays for a judgment in her favor against the Defendant, WMATA and that damages be awarded in the amount in excess of $3,000,000.00 plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Court deems proper.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues presented.

Respectfully submitted,

CHASENBOSCOLO INJURY LAWYERS

By:    /s/ Michael D. Reiter
Michael D. Reiter
DC Bar Number: 981814
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
Fax: (301) 474-1230
mreiter@chasenboscolo.com
*Counsel for Plaintiff Monique R. Davis*

By:    /s/ Benjamin T. Boscolo
Benjamin T. Boscolo
DC Bar Number: 412860
ChasenBoscolo Injury Lawyers
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
Fax: (301) 474-1230
mreiter@chasenboscolo.com
*Counsel for Plaintiff Monique R. Davis*

Filed
D.C. Superior Court
02/26/2019 15:19PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MONIQUE R. DAVIS

 Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

 Defendant.

Case No. 2019 CA 000178 V
Honorable Kelly A Higashi
Next Event: Initial Conference
Date: Friday, April 19, 2019 at 9:30 am

## AFFIDAVIT OF SERVICE

I, Nyasha A. Largen, am a resident of Maryland. I am in no way a party to the above-captioned action. I am over Eighteen (18) years of age.

Pursuant to Rule 4(h) of the DC Superior Court Rules of Civil Procedure, I mailed a Summons, Complaint, and Civil Division – Civil Actions Branch Case Information Sheet to Office of General Counsel – WMATA, 600 5th Street, N.W., Washington, DC 20001 for service on the Defendant Washington Metropolitan Area Transit Authority, 600 5th Street, N.W., Washington, D.C. 20001, by certified mail, return receipt requested. Service was effectively made on February 21, 2019, as evidenced by the signature on the green return receipt card, a copy of which is also attached hereto as **Exhibit 1**.

_Nyasha A. Largen_
Nyasha A. Largen

Subscribed and Sworn to before me this 26th day of February, 2019.

_Nickelli Lynnette Kelly_
Notary Public

My Commission Expires:

NICKELLI LYNNETTE KELLY
Notary Public-Maryland
Prince George's County
My Commission Expires
June 19, 2021



**USPS TRACKING #**
9590 9402 3961 8060 9555 45

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

CHASEN*BOSCOLO
7852 WALKER DRIVE
SUITE 300
GREENBELT, MARYLAND 20770

O-324679    NAC 267365

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE OF GENERAL COUNSEL
WMATA
600 5th STREET, N.W
WASHINGTON, DC 20001

9590 9402 3961 8060 9555 45

2. Article Number (Transfer from service label)
7017 2620 0000 0716 9855

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): ELIZABETH E. TAPP
C. Date of Delivery: 2·21·18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



PLAINTIFF'S EXHIBIT

