**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Monique R. Davis | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.   19-660 |
| v. | ) | |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT
AUTHORITY'S MOTION FOR PARTIAL DISMISSAL**

Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), comes before

this Court pursuant to Super. Ct. Civ. P. 12(b)(1) and 12(b)(6) and moves to dismiss the

Plaintiff's Counts II and III for lack of subject matter jurisdiction and failure to state a claim

upon which relief can be granted.

## I.   **Preliminary Statement**

Plaintiff alleges that on April 20, 2016, WMATA's bus operator was negligent in the

operation of a WMATA bus.  Specifically, Plaintiff claims she sustained injuries when the bus

she was riding on was involved in a motor vehicle collision.

Counts II and III of Plaintiff's Complaint claim and allege that WMATA was negligent in

hiring, training, retaining, supervising it's bus operator, and negligent in entrusting its bus to the

operator.  As discussed below, WMATA is immune from such claims.

## II.   **Standard of review**

A.  Super. Ct. Civ. P. 12(b)(1)

Super. Ct. Civ. P. 12(b)(1) permits a defendant to move the court to dismiss a claim for lack

of subject matter jurisdiction.  Once the defendant asserts such a claim, the burden shifts to the

plaintiff to establish that the court has subject matter jurisdiction over the causes of action

asserted in the complaint.  *Turner v. WMATA*, 701 F.Supp.2d 61, 66 (D.D.C. 2010) (citations

omitted).  *See Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984)("It is the

burden of the party claiming subject matter jurisdiction to demonstrate that it exists").[1]  In

reviewing a motion to dismiss pursuant to Super. Ct. Civ. P. 12(b)(1), a court accepts as true all

of the factual allegations contained in the complaint.  *Second Episcopal Dist. African Methodist*

*Episcopal Church v. Prioleau*, 49 A.3d 812, 815 (D.C. 2012).  However, the Plaintiff's factual

allegations are subject to a higher degree of scrutiny:

> Because subject matter jurisdiction focuses on the court's power to hear the
> Plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an
> affirmative obligation to ensure that it is acting within the scope of its
> jurisdictional authority.  *See* 5A Charles A. Wright and Arthur R. Miller,
> Fed. Prac. & Proc. Civ. 2D, §1350.  For this reason the Plaintiff's factual
> allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1)
> motion than in resolving a 12(b)(6) motion for failure to state a claim.

*Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001).

B.  Super. Ct. Civ. P. 12(b)(6)

"To survive a Rule 12(b)(6) … motion, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Grimes v. District of*

*Columbia, Bus. Decisions Information, Inc.,* 89 A.3d 107, 112 (D.C. 2014).  The District of

Columbia Court of Appeals has stated that the District of Columbia is a "notice pleading

jurisdiction." *Taylor*, 957 A.2d at 50.  However, the Court of Appeals has "adopted the pleading

---

[1] "Because Super. Ct. Civ. P. 12 is identical to its federal counterpart, Fed. R. Civ. P. 12, [courts in the District of Columbia] may look to court decisions interpreting the federal rule as persuasive authority in interpreting the local rule." *Bible Way Church of Our Lord Jesus Christ of Apostolic Faith of Washington, D.C. v. Beards*, 680 A.2d 419, 427 n.5 (D.C. 1996) (internal quotations and citations omitted).

2

standard articulated by the Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, (2007),

and *Ashcroft v. Iqbal,* 556 U.S. 662, (2009). *See Equal Rights Center v. Properties Intern.,* 110

A. 3d 599, 602-603 (D.C. 2015); *Potomac Dev. Corp. v. District of Columbia,* 28 A.3d 531, 544

(D.C. 2011).  And, in *Tombly*, the United States Supreme Court explained:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires *more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of action
> will not do.*  Factual allegations must be enough to raise a right to relief
> *above the speculative level* on the assumption that all of the allegations in
> the complaint are true.  The pleading must contain something more than a
> statement of facts that merely creates a suspicion of a legally cognizable
> right of action, on the assumption that all the allegations in the complaint
> are true even if doubtful in fact. . . . [Further, the Court is not] *bound to
> accept as true a legal conclusion couched as a factual allegation.*" (internal
> quotations and citations omitted).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (emphasis added).

Moreover, where it is "beyond doubt" as in this case, that the plaintiff can prove no set

of facts in support of his claims that would entitle him to relief, dismissal pursuant to

Super. Ct. Civ. P. 12(b)(6) is proper.  *Owens v. Tiber Island Condo. Ass'n.*, 373 A.2d

890, 893 (D.C. 1977).

### III.    Legal argument

The allegations set forth in Counts II and III of the Plaintiff's Complaint are barred by

WMATA's sovereign immunity.

WMATA is a transit authority created by interstate compact by the State of Maryland, the

District of Columbia and the Commonwealth of Virginia, enacted via Congressional consent to

provide mass transportation in the Washington D.C. Metropolitan Area, pursuant the WMATA

Compact codified at D.C. Code §9-1107.01.  WMATA is a tri-jurisdictional governmental

agency.  *See WMATA v. Barksdale-Showell,* 965 A.2d. 16, 20 (D.C. 2009).  As a governmental

agency, WMATA is immune from lawsuits except to the extent that WMATA's sovereign

immunity is waived.  *Id.* at 20.  Indeed, Section 80 of the WMATA Compact states:

> The Authority shall be liable for its contracts and for its torts and those of its
> Directors, officers, employees and agents committed in the conduct of any
> proprietary function, in accordance with the law of the applicable signatory
> (including rules on conflict of laws), but shall not be liable for any such torts
> occurring in the performance of a governmental function.  The exclusive
> remedy for such breach of contracts and torts, for which the Authority shall be
> liable, as herein provided, shall be by suit against the Authority.  Nothing
> contained in this Title shall be construed as a waiver by the District of
> Columbia, Maryland, Virginia and the counties and cities within the Zone of
> any immunity from suit.

D.C. Code §9-1107.01(80) (2014).

Pursuant to Section 80 of the Compact, WMATA's sovereign immunity is waived for a limited

category of torts committed in the performance of a ministerial, non-governmental function.

D.C. Code §9-1107.01(80).  WMATA enjoys the same rights and privileges as a state, including

sovereign immunity. *Beatty v. WMATA*, 860 F.2d 1117, 1126 (D.C. Cir. 1988); D.C. Code §9-

1107.01.  *See also Watters v. WMATA,* 295 F.3d 36, 39–40 (D.C. Cir. 2002).  *KiSKA Const.*

*Corp. v. WMATA*, 321 F.3d 1151, 1158 (D.C. Cir. 2003) ("Unless the limited waiver of

immunity applies, the district court lacks jurisdiction to enter a judgment against [WMATA]").

In deciding whether a particular activity involves a governmental or discretionary

function, the court must first "ask whether the activity amounts to a 'quintessential'

governmental function, like law enforcement." *Beebe v. WMATA*, 129 F.3d 1283, 1287 (D.C.

Cir. 1997) (citing *Burkhart v. WMATA*, 112 F.3d 1207, 1216 (D.C. Cir. 1997).  *See also Turner*,

701 F.Supp.2d at 67-68.  If so, WMATA enjoys sovereign immunity.  *Smith v. WMATA*, 290

F.3d 201, 207 (4th Cir. 2002).  The question of whether a particular function of WMATA is

proprietary or governmental under Section 80 of the Compact is a federal question. *Sanders v.*

*WMATA*, 819 F.2d 1151, 1154 (D.C. Cir. 1987).  *See Turner* 701 F.Supp. 2d at 68, in which the

federal court explained:

> The D.C. Circuit has indicated that courts, in analyzing whether an action is discretionary and therefore immune under the Compact, should look to and apply federal case law interpreting the discretionary function exception under the Federal Tort Claims Act, which employs the same discretionary/ministerial dichotomy.  Accordingly, a court must first ask whether any statute, regulation or policy specifically prescribes a course of action for an employee to follow.  If no course of action is prescribed, we then determine whether the exercise of discretion is grounded in social, economic, or political goals.  If so grounded, the activity is governmental, thus falling within section 80's retention of sovereign immunity.

*Id.* at 68.

If not quintessentially governmental, the court must then determine whether the function in question is "discretionary," *Beebe*, 129 F.3d at 1287, meaning that "the act involves the formulation, as opposed to the execution, of policy."  *Briggs v. WMATA,* 293 F.Supp.2d 8, 12 (D.C. Cir. 2003).  *See also Robinson v. WMATA*, 858 F. Supp. 2d 33, 37 (D.C. Cir. 2012).  If discretionary, as in this case, WMATA enjoys sovereign immunity.  *Id.*

It is well established that WMATA is immune from claims of negligent hiring, training, and supervision involving alleged tortious conduct. *Beebe* 129 F.3d at 1287.  In *Burkhart* the federal appellate court held:

> decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review. . . . The WMATA compact confers upon WMATA broad power to "[c]reate and abolish ... employments" and "provide for the qualification, appointment, [and] removal ... of its ... employees without regard to the laws of any of the signatories," D.C. Code§ 1–2431(12)(g); "[e]stablish, in its discretion, a personnel system based on merit and fitness," *id.* § 1–2431(12)(h); and "[c]ontrol and regulate ... the service to be rendered," *id.*§ 1–2431(12)(j). These provisions hardly constrain WMATA's determination of whom it will employ or how it will train and supervise such employees.
>
> *Burkhart,* 112 F.3d at 1216.

*See also Beebe*, 129 F.3d at 1287 (holding that appointment of an employee to oversee internal

5

reorganization efforts was a discretionary function for which WMATA was immune); *Turner*

701 F.Supp. 2d at 61 (holding that WMATA is immune from former employees' claims of

negligent hiring, training, and supervision stemming from allegations of sexual harassment);

*Hutcherson v. WMATA*, 2009 WL 2168998 at \*4-5 (July 16, 2009) (holding that WMATA was

immune from motorists' negligent hiring, supervision, and training claims stemming from a

traffic stop altercation).  The Court in *Burkhart* further reasoned that:

> The hiring, training, and supervision choices that WMATA faces are
> choices "susceptible to policy judgment.  The hiring decisions of a public
> entity require consideration of numerous factors, including budgetary
> constraints, public perception, economic conditions, individual
> backgrounds, office diversity, experience, and employer intuition.
> Similarly, supervision decisions involve a complex balancing of budgetary
> considerations, employee privacy rights, and the need to ensure public
> safety. The extent of training with which to provide employees requires
> consideration of fiscal constraints, public safety, the complexity of the task
> involved, the degree of harm a wayward employee might cause, and the
> extent to which employees have deviated from accepted norms in the past.
> Such decisions are surely among those involving the exercise of political,
> social, or economic judgment.  *Id.*

Here, despite the legal principles set forth in *Burkhart* and its progeny, the Plaintiff

improperly asserts negligent hiring, training, retention, supervision and negligent entrustment.

However, these are exactly the types of employment decisions WMATA routinely makes that

the court in *Burkhart* deemed were "surely among those [decisions] involving the exercise of

political, social, or economic judgment" and thus discretionary in nature and immune from

judicial review." *Id.*   Therefore, this court lacks jurisdiction over such claims and they are

subject to dismissal pursuant to Super. Ct. Civ. P. 12(b)(1) and Super. Ct. Civ. P. 12(b)(6).

## IV.    Conclusion

Accordingly, for the reasons stated above, WMATA requests this Court dismiss Counts II

and II of Plaintiff's complaint.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY


/s/   Nicholas L. Phucas__
Nicholas L. Phucas #475163
Senior Counsel
WMATA
600 5th St., N.W.
Washington, D.C.  20001
(202) 962-2886
(202) 962-2550 (facsimile)
nlphucas@wmata.com