**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Monique R. Davis )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY )<br>)<br>)<br>        Defendant. ) | CASE NO. 19-cv-00660 APM |

## WMATA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR PARTIAL DISMISSAL

WMATA hereby replies to Plaintiff's opposition to its motion for partial dismissal as follows:

Plaintiff alleges that on April 20, 2016, WMATA's bus operator was negligent in the operation of a WMATA bus. Specifically, Plaintiff claims she sustained injuries when the bus she was riding on was involved in a motor vehicle collision.

Counts II and III of Plaintiff's Complaint claim and allege that WMATA was negligent in hiring, training, retaining, supervising its bus operator, and negligent in entrusting its bus to the operator.

Defendant WMATA moved for partial dismissal of Counts II and III of Plaintiff's Complaint based upon well-established, controlling law that WMATA is immune from claims of negligent hiring, training, retention and supervision involving alleged tortious conduct. *See Beebe v. WMATA*, 129 F.3d 1283, 1287 (D.C. Cir. 1997) and *Burkhart v. WMATA*, 112 F.3d 1207, 1216-1217 (D.C. Cir. 1997).

Plaintiff's winding, circular argument that WMATA's motion for partial dismissal should

be denied ignores the controlling authority of *Burkhart*.   In *Burkhart* the Court of Appeals for the District of Columbia Circuit held that:

> decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review. . . . The WMATA compact confers upon WMATA broad power to "[c]reate and abolish ... employments" and "provide for the qualification, appointment, [and] removal ... of its ... employees without regard to the laws of any of the signatories," D.C. Code§ 1–2431(12)(g); "[e]stablish, in its discretion, a personnel system based on merit and fitness," *id.* § 1–2431(12)(h); and "[c]ontrol and regulate ... the service to be rendered," *id.*§ 1–2431(12)(j). These provisions hardly constrain WMATA's determination of whom it will employ or how it will train and supervise such employees.
>
> *Burkhart,* 112 F.3d at 1217.

*See also Beebe*, 129 F.3d at 1287 (holding that appointment of an employee to oversee internal reorganization efforts was a discretionary function for which WMATA was immune).

The Court in *Burkhart* further reasoned that:

> The hiring, training, and supervision choices that WMATA faces are choices "susceptible to policy judgment.   The hiring decisions of a public entity require consideration of numerous factors, including budgetary constraints, public perception, economic conditions, individual backgrounds, office diversity, experience, and employer intuition. Similarly, supervision decisions involve a complex balancing of budgetary considerations, employee privacy rights, and the need to ensure public safety. The extent of training with which to provide employees requires consideration of fiscal constraints, public safety, the complexity of the task involved, the degree of harm a wayward employee might cause, and the extent to which employees have deviated from accepted norms in the past. Such decisions are surely among those involving the exercise of political, social, or economic judgment.   *Id.*

Plaintiff's reliance on *Briggs v. WMATA,* 293 F.Supp.2d 8 (D.D.C. 2003), a case involving design immunity, to support her position is misplaced. *Briggs* held that decisions are discretionary when they involve social, economic or public policy and are susceptible to policy

analysis. *See Briggs v. WMATA*, 293 F.Supp.2d 8, 12 (D.D.C. 2003).   In so holding the court in *Briggs* noted that the "courts must evaluate the nature of the conduct, not how the decision was made." *Id.*    The court in *Burkhart v. WMATA*, 112 F.3d 1207, 1216-1217 (D.C. Cir. 1997) has held that the relevant conduct, i.e., hiring, training, retention and supervision, is susceptible to policy analysis and, therefore, that WMATA is immune from claims of negligent hiring, training, retention and supervision

Wherefore, WMATA's motion for partial dismissal should be granted.

Respectfully submitted,

WASHINGTON METROPOLITIAN
AREA TRANSIT AUTHORITY

*/s/Nicholas L. Phucas*
Nicholas L. Phucas, #26578
Senior Counsel
WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2886

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply was electronically filed and served this 29th day of March 2019, to:

Michael D. Reiter
Benjamin T. Boscolo
7852 Walker Drive, Suite 300
Greenbelt, MD   20770

/s/   Nicholas L. Phucas
Nicholas L. Phucas #475163