**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| MONIQUE DAVIS | : | |
| | : | |
| Plaintiff, | : | Case No. 19-cv-00660-APM |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON METROPOLITAN AREA | : | |
| TRANSIT AUTHORITY | : | |
| | : | |
| Defendant. | : | |

JOINT PRE-TRIAL

Per the Court's Scheduling Order, the parties hereby submit the following joint pre-trial**:**

A.   Statement of the Case:

Plaintiff:

On April 20, 2016, Monique Davis (hereinafter "Ms. Davis"), was a passenger in Defendant Washington Metropolitan Area Transit Authority's (hereinafter "Defendant WMATA") bus driven by WMATA's employee, Jacqlene Banks (hereinafter "WMATA bus driver") with the permission and consent of Defendant WMATA and within the scope of her employment, traveling northeast within the 1300 block of Southern Avenue in Washington, DC. At that same time and place, a motorcyclist identified as Demetrius Keys (hereinafter "Mr. Keys") was operating a motorcycle westbound on the 1300 block of Southern Avenue near the entrance to United Medical Center. The WMATA bus driver made a left turn and there was an impact with Mr. Keys, who was traveling straight.

Plaintiff has alleged Negligence and Negligence Per Se claims against Defendant WMATA.

WMATA objects to the extent that Plaintiff's statement of the case characterizes the bus as the striking vehicle which is contrary to the evidence.

Defendant:

This matter involves a claim of personal injuries brought by Plaintiff Monique Davis against Defendant Washington Metropolitan Area Transit Authority. Plaintiff's claim arises out of a motor vehicle accident that took place on April 20, 2016, at approximately 8:17 p.m., between a WMATA bus and a motorcycle on Southern Avenue, S.E., Washington, D.C., near the United Medical Center hospital. Defendant WMATA denies all allegations of negligence and contends that the accident was caused by solely by the negligence of the motorcyclist. WMATA further challenges the nature and extent of Plaintiff's injuries and damages.

B.  Statement of Claims and Damages made by Plaintiff:

On April 20, 2016, Monique Davis (hereinafter "Ms. Davis"), was a passenger in Defendant Washington Metropolitan Area Transit Authority's (hereinafter "Defendant WMATA") bus driven by WMATA's employee, Jacqlene Banks (hereinafter "WMATA bus driver") with the permission and consent of Defendant WMATA and within the scope of her employment, traveling northeast within the 1300 block of Southern Avenue in Washington, DC. At that same time and place, a motorcyclist identified as Demetrius Keys (hereinafter "Mr. Keys") was operating a motorcycle westbound on the 1300 block of Southern Avenue with the right of way near the entrance to United Medical Center. The WMATA bus driver made a left turn failing to yield the right of way while doing so, and collided with Mr. Keys, killing him and proximately causing severe and permanent injuries to Ms. Davis. Her ongoing symptoms continue to affect her daily life.

Plaintiff initially brought four counts against WMATA: Negligence (Count I), Negligent Entrustment (Count II), Negligent Hiring, Training, Retention, & Supervision (Count III), and Negligence Per Se (Count IV). Counts II and III were dismissed. The remaining claims in this matter are Plaintiff's Negligence and Negligence Per Se claims. Plaintiff alleges that Defendant WMATA is negligent/vicariously liable for the negligence of its driver Ms. Banks when she failed to yield the right of way at the time of the collision, proximately causing Ms. Davis' injuries which

are ongoing and permanent.  Plaintiff also alleges that Defendant WMATA is responsible under a negligence per se theory because Ms. Banks she violated a statute when she failed to yield the right of way at the time of the collision, proximately causing Ms. Davis' injuries which are ongoing and permanent.

Ms. Davis requests that she be fully and fairly compensated for all of the damages that she suffered as a proximate result of the subject incident.  She incurred medical bills in the amount of $134,859.79 and lost wages in the amount of $ 3,161.45.  She filed suit for $3,000,000.00.  She seeks a verdict in her favor and any associated costs she is entitled to.

    C.    <u>Statement of Defenses:</u>

Defendant WMATA denies any and all allegations of negligence.

Defendant WMATA contends that the subject accident was caused by the sole negligence of motorcyclist Demetries Keys.

Defendant WMATA disputes the nature and extent of injuries and damages alleged by the Plaintiff.

Defendant WMATA contends that Plaintiff's alleged medical conditions are pre-existing.

Defendant WMATA denies that Plaintiff sustained any permanent injuries.

WMATA seeks judgment in its favor and costs.

    D.    <u>Plaintiff's Documentary Exhibits:</u>

1. Any and all photographs and or diagrams of the scene of the incident.  Objection.  Counsel needs to review exhibits to determine any appropriate objections.
2. Any and all photographs of the motorcycle involved in the subject collision.  Assuming any such photos were produced in electronic correspondence on August 6, 2021, no objection.

3. Any and all photographs of the WMATA bus involved in the subject incident. Assuming any such photos were produced in electronic correspondence on August 6, 2021, no objection.
4. Films of Ms. Davis' injuries. Objection. Counsel needs to review exhibits to determine any appropriate objections.
5. Video of the subject incident, including Drivecam video.  No objection to Drivecam.
6. CCTV Video.  No objection to CCTV.
7. Any and all medical records and reports from the physicians who treated the Plaintiff for the injuries she suffered in the subject incident. Objection. Hearsay, relevance, expert foundation and causation. Furthermore, these records are cumulative evidence. WMATA cannot determine authenticity until it receives a copy of the trial exhibits. WMATA also makes reference to its motions to exclude and to strike.
8. Any and all medical bills for the treatment Ms. Davis received related to the subject collision, including the exhibits from the respective experts de bene esse video depositions. Objection. Hearsay, relevance, expert foundation and causation. WMATA cannot determine authenticity until it receives a copy of the trial exhibits. WMATA also makes reference to its motions to exclude and to strike.
9. Transcript excerpt precluding Dr. Caplan from testifying. Objection. Hearsay. Relevance. Authenticity. WMATA also makes to its motion to strike cross examination of Dr. Caplan.
10. Police Report.
11. WMATA Accident Report form. Objection. Hearsay. Basis redactions needs to be removed on grounds that these are legal issues that would be confusing to the jury and prejudicial to WMATA.
12. WMATA Incident Report. Objection. Hearsay. Basis redactions needs to be removed on grounds that these are legal issues that would be confusing to the jury and prejudicial to WMATA.
13. Jacqlene Banks Witness Statement. Objection. Hearsay.
14. WMATA Fact Finding Report Diagram. Objection. Hearsay.
15. Metro Transit Police Department Event Report. Objection. Hearsay.

16. WMATA Standard Operating Procedures (as referenced in the depositions taken in this case).  Objection.  WMATA SOPs cannot be used to establish a standard of care under applicable law.
17. Applicable DC Municipal Regulations Cited Above in Section I.  Objection. Regulation are not the appropriate subject of an exhibit.
18. Anatomical models, diagnostic films, diagrams, 3D renditions of MRI images and any other mechanism of injury demonstrative of body parts injured in the subject incident.  Objection.  Hearsay, relevance, expert foundation and causation.  Furthermore, these records are cumulative evidence.  WMATA cannot determine authenticity until it receives a copy of the trial exhibits.  WMATA also makes reference to its motions to exclude and to strike.  Objection.  Counsel needs to review exhibits to determine any appropriate objections.
19. Any other demonstrative evidence that Plaintiff deems necessary. Objection.  Counsel needs to review exhibits to determine any appropriate objections.
20. Any and all documents produced during discovery.  Objection.  Counsel needs to review exhibits to determine any appropriate objections.
21. Any and all deposition transcripts, or excerpts thereof, taken in this matter.  Objection. Counsel needs to review exhibits to determine any appropriate objections.
22. Any exhibits listed by any other party in this case.
23. Any impeachment or rebuttal evidence.  Objection.  Counsel needs to review exhibits to determine any appropriate objections.
24. Plaintiff reserves the right to use or introduce into evidence at trial any documents, exhibits, or other materials received by any party pursuant to subpoena.  Objection. Counsel needs to review exhibits to determine any appropriate objections.
25. Plaintiff reserves the right to update the exhibit list if additional information becomes available.  Objection.  Counsel needs to review exhibits to determine any appropriate objections.
26. Plaintiff reserves the right not to enter any of her medical bills or lost wages into evidence at the trial of this matter. Plaintiff also respectfully reserves the right to amend this list of exhibits should the interests of justice so require.  Objection.  This does list any exhibits.

E: <u>Defendant's Documentary Exhibits:</u>

1. CV of Yale H. Caplan. Objection, cumulative, Dr. Caplan has already testified at length to his qualifications.

2. Toxicology Report. Objection based on Ms. Davis' motion in limine to preclude Dr. Caplan. Hearsay, relevance, expert foundation and causation.

3. Report of Clifford Hinkes, M.D. Objection, hearsay. Objection, cumulative. Dr. Hinkes has already testified at length to the contents of his report.

4. Report of Gary London, M.D. Objection, hearsay. Objection, cumulative. Dr. London has already testified at length to the contents of his report.

5. Drive Cam

6. CCTV Video

7. Photos

8. Dave Plant Exhibits. Objection, cumulative. Objection, foundation as these photos do not show vantage points as they would have been at the time of the subject collision.

9. Major Crash Unit Report. Objection to certain portions on hearsay and relevance grounds including the portion that references a rap sheet.

10. Speed Camera images. Objection, foundation.

11. Deployment Log. Objection, foundation. Objection, hearsay.

12. Operator test results. Objection, foundation. Objection, hearsay and relevance.

13. Statement of Sean Butler. Objection, hearsay.

F: <u>Plaintiff's Fact Witnesses:</u>

1. Plaintiff, Monique Davis
2. Jacqlene Banks
3. Officer Anthony Commodore
4. Officer Michael Miller
5. Officer M. Shum
6. Officer S.B. Alston
7. Officer S. Young
8. Sean Butler
9. Henry Kyle
10. Antoinette Williams
11. Darryen Kenny
12. Eric Vaughan
13. Veronica Blackson
14. Christopher Davis
15. Belinda Wheeler
16. Antonio Thurston
17. Bobby Williams
18. Mary Johnson
19. Shikeara Jones-Objection. Based upon the 30(b)(6) deposition herein, WMATA anticipates a volume of objectionable questions.
20. Benjamin Singleton- Objection. Based upon the 30(b)(6) deposition herein, WMATA anticipates a volume of objectionable questions.
21. Each and every individual identified as having personal knowledge in Plaintiff's Answers to Interrogatories. WMATA objects to the listing of large groups of unidentified witnesses.
22. Each and every witness identified by the Defendant
23. Designated representatives of Plaintiff's past and present employers, designated representatives and/or records custodians from all medical care facilities who have treated Plaintiff. WMATA objects to the listing of large groups of unidentified witnesses.

24. Plaintiff reserves the right to update the witness list if additional information becomes available.

25. Any impeachment witness deemed necessary during the course of trial.

G:    Defendant's Fact Witnesses:

1. Jacqlene Banks

2. MPD Officer Anthony Commodore

3. MPD Officer Terry Thorne

4. MPD Officer Michael Miller

5. Lucas W. Zarwell.  Objection, listed as an expert witness and substance of his opinions was never provided as part of expert disclosure.  Further objection on relevance based on Plaintiff's motion in limine to preclude Dr. Caplan.

6. Samantha Tolliver. Objection on relevance based on Plaintiff's motion in limine to preclude Dr. Caplan.

7. Chike Agostini. Objection, listed as an expert witness and substance of his opinions was never provided as part of expert disclosure.

8. Luz Blackman Eason.  Objection, listed as an expert witness and substance of his opinions was never provided as part of expert disclosure.

9. Dan Rodgers.  Objection, witness not previously disclosed.

10. Sean Butler

11. Pamela Mosby or Kiani Player.  Objection, witnesses not previously disclosed.

12. Any other necessary custodian of records

13. Plaintiff

H.    Plaintiff's Expert Witnesses

26. Dr. Easton Manderson -  *See* WMATA's Motion in Limine

27.  Dr. Marc Schlosberg - *See* WMATA's Motion in Limine

28. Dr. Reza Ghorbani -Objection.  *See* WMATA's Motion in Limine and WMATA's Motion to Strike

29. Dr. Melvin Gerald -Objection.  *See* WMATA's Motion in Limine

30. Dr. Edwin Williams-Objection.  *See* WMATA's Motion in Limine

I.    Defendant's Expert Witnesses:

1. Yale H. Caplan, M.D.   Objection, see Plaintiff's motion in limine to preclude Dr. Caplan.

2. Clifford Hinkes, M.D

3. Gary London, M.D.

4. David Plant

5. Lucas W. Zarwell. Objection, listed as an expert witness and substance of his opinions was never provided as part of expert disclosure.  Further objection on relevance based on Plaintiff's motion in limine to preclude Dr. Caplan.

6. Samantha Tolliver.  Objection, not listed on expert disclosure.  Objection on relevance based on Plaintiff's motion in limine to preclude Dr. Caplan.

7. Chike Agostini.  Objection, listed as an expert witness and substance of his opinions was never provided as part of expert disclosure.

8. MPD Officer Anthony Commodore.   Objection, listed as an expert witness and substance of his opinions was never provided as part of expert disclosure.

9. Dan Rodgers.  Objection, not listed on expert disclosure.

J.    Voir Dire

Defendant:

WMATA requests the following modifications of the Court's proposed voir dire:

1. This is a civil case entitled *Monique R. Davis v. Washington Metropolitan Area TransitAuthority.* The Plaintiff, Monique Davis, asserts that on April 20, 2016, while riding as a passenger on a bus owned and operated by Defendant Washington Metropolitan Area Transit Authority, the bus *was involved in an accident with a motorcycle*. Ms. Davis alleges that, as a result of this accident, she suffered physical and emotional injuries. Do you know or have you heard anything about this case?

2. The Plaintiff in this case is Monique Davis. She is represented by Michael Reiter and Shaketta Denson. The Defendant is Washington Metropolitan Area Transit Authority, or WMATA. It is represented by Nicholas L. Phucas *and Sarah E. Allison*. Do you know any of the people I have just named?

7. Has any member of that group, including you, registered or filed a complaint or lawsuit against WMATA, or had a claim against WMATA?

8. Has any member of that group, including you, been injured while riding public transportation or on the property of a public transportation agency, or been a witness to such an injury?


WMATA requests the following additional voir dire:

These questions relate to you, members of your immediate family, and closepersonal friends

1. Has any member of that group, including you, registered or filed a complaint or lawsuit against any individual, corporation or public agency, or had a claim against any individual, corporation or public agency?

2. Has any member of that group, including you, ever gone to medical school or worked in the health care field?

3. Has any member of the group, including you, ever worked in a job involving claims adjustment?

The remaining questions relate to you and you alone:

1. Have any of you ever received medical care for treatment of neck, back or head injuries? If so, what condition were you treated for, what was the length of treatment, was surgery performed, and what is the present status of the condition?

   Plaintiff:

(1) Plaintiff has no objections to the Court's Proposed Voir Dire questions.
(2) Plaintiff has no modification requests to the Court's Voir Dire questions.
(3) Plaintiff's Requested Additional Voir Dire Questions:
    a) Do you live or work in the immediate area where this incident occurred?
    b) Has any prospective juror, a family member, or a close personal friend in the past or presently been medically trained or work in medicine or the health allied fields, including doctors, nurses, dentists, physical therapy training, medical office work, or hospital work?
    c) One or more of the witnesses in this case may be qualified to offer expert opinions in the areas of neurology, or orthopedics and/or pain management. Would you tend to accept or reject any part of the testimony of that witness because of the witness's area of expertise?

  d) Have you or a close friend or relative ever been trained or employed in the field of neurology? Orthopedics? Pain management?

b) Has any prospective juror, a family member, or a close personal friend ever made a claim for personal injuries or had a claim for personal injuries made against you?

c) Has any prospective juror ever been employed by an organization which handles claims, including injury claims?

d) Does any prospective juror have strong feelings about the affect of a jury verdict on this community that would prevent you from serving as a juror?

e) Have you or a close friend or relative ever sustained an injury to your head, neck, back, or shoulders as a result of a motor vehicle collision?

f) Have you or a close friend or relative ever been diagnosed and/or treated for a head injury?

g) Have you or a close personal friend ever had an MRI; CT Scan or X-Ray?

h) Do you support or share the views of any organization or group that seeks changes in the civil justice system regarding the conduct of trials or the awarding of damages?

i) Does any prospective juror believe that it is wrong to allow money damages to compensate an injured person for non-economic damages other than medical bills such as physical pain and mental anguish and inconvenience?

j) Has any prospective juror, family member, or close personal friend expressed strong, negative feelings about trial lawyers?

k) Does any prospective juror believe that a person who is injured in a motor vehicle collision should not be compensated for the affect the injuries have on physical and emotional health and wellbeing?

l) Does any prospective juror have strongly held beliefs that having your case heard by a jury of your peers is not a constitutional right afforded to all members of the community?

    m) Does any prospective juror, family member, or close personal friend have any experience operating motorcycles?

WMATA objects to Plaintiff's voir dire in favor of the Court's voir dire long with WMATA's modifications and additions.

    K.    Jury Instructions

Defendant:

Pattern:

1.01    Introduction and *voir dire*
1.02 Preliminary Instruction Before Trial

2.02 Evidence in the case
2.03 Direct and circumstantial evidence
2.04 Burden of proof
2.06 Inadmissible and stricken evidence
2.10    Credibility of witnesses
2.11    Number of witnesses and exhibits
2.12    Expert Opinion
2.13    Depositions as evidence
2.14    Impeachment by prior inconsistent statement
2.15    Adopting prior inconsistent statement

3.01    Instructions to be considered as a whole
3.02    Selection of Foreperson
3.03    Unanimity and duty to deliberate
3.04    Beginning of Deliberations
3.05    Communications between court and jury
3.06    When jurors cannot agree
3.07    Delivering the verdict

5.01 Elements of a Negligence Cause of Action
5.02 Negligence Defined
5.03 Assessment of the circumstances
5.04 Right to assume Proper Conduct by Others
5.05 Extreme Caution or Exceptional Skill not Required
5.09 Violation of Statute-Negligence Per Se
5.10 Violation of Statute-Evidence of Negligence
5.12 Proximate Cause Defined

      5.14 Intervening Cause
      5.19 Fact of Accident Alone

      7.05 Right of Way not Absolute

      8.01 Common Carrier-Degree of Care

      12.02 Extent of Damages-Cause
      12.03 Burden of Proof-Speculative Damages-this instruction must be edited consistent with the admissible evidence adduced at trial.

Non-Pattern jury instructions:

      1. The Washington Metropolitan Area Transit Authority (or "WMATA") is a governmental entity. It is a transit authority created by interstate compact by and among the District of Columbia, State of Maryland and the Commonwealth of Virginia in order to provide mass transit in the Washington D.C. Metropolitan Area. WMATA was established by Congress on November 6, 1966 as Public Law 89-744. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. WMATA, as a governmental entity, has the same right to a fair trial as a private individual. All persons, including government, stand equal before the law and are to be treated as equals in this Court. In other words, the fact that WMATA is a governmental entity must not affect your decision.

Objection.  Plaintiff objects to this non-pattern as unnecessary and cumulative of pattern instructions that will be provided.


2. Any compensatory damages awarded to the plaintiffs are not income within the meaning of Federal and State income tax laws and the plaintiffs will not owe or have to pay any income tax on the amount awarded as damages. Therefore you should not add an amount to any award to compensate for anticipated taxes. *Psychiatric Institute of Washington v. Allen,* 509 A.2d 619 (1986).

      Objection, unnecessary as covered by pattern instructions.


      D.C. Mun. Regs. Tit. 18, § 2200.1 Except when a special hazard exists that requires lower speed for compliance with this section, the limits specified in this section, or established as authorized in § 2200.2, shall be the maximum lawful speeds, and no person shall drive a vehicle on a street or highway at a speed in excess of such maximum limits.

      Objection, as the evidence at trial will dictate whether this instruction can be given.

D.C. Mun. Regs. Tit. 18, § 2200.3 No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

Objection, as the evidence at trial will dictate whether this instruction can be given.

D.C. Mun. Regs. Tit. 18, § 2200.4 In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street or highway in compliance with legal requirements and the duty of all persons to use due care.

Objection, as the evidence at trial will dictate whether this instruction can be given.

### D.C. Code Ann. § 50-2206.11. Driving under the influence of alcohol or a drug.

No person shall operate or be in physical control of any vehicle in the District:
(1) While the person is intoxicated; or
(2) While the person is under the influence of alcohol or any drug or any combination thereof.

Objection, see Plaintiff's motion in limine to preclude Dr. Caplan.

### D.C. Code Ann. § 50-2206.14. Operating a vehicle while impaired.

No person shall operate or be in physical control of any vehicle in the District while the person's ability to operate or be in physical control of a vehicle is impaired by the consumption of alcohol or any drug or any combination thereof.

Objection, see Plaintiff's motion in limine to preclude Dr. Caplan.

For the purposes of this subchapter, the term:
(8) "Impaired" means a person's ability to operate or be in physical control of a vehicle is affected, due to consumption of alcohol or a drug or a combination thereof, in a way that can be perceived or noticed.
(9) "Intoxicated" means:
(A) Except as provided in subparagraph (B) of this paragraph, that:
(i) An alcohol concentration at the time of testing of 0.08 grams or more per 100 milliliters of the person's blood or per 210 liters of the person's breath, or of 0.10 grams or more per 100 milliliters of the person's urine; or
(ii) Any measurable amount of alcohol in the person's blood, urine, or breath if the person is under 21 years of age.

D.C. Code Ann. § 50-2206.01 (West)

Objection, see Plaintiff's motion in limine to preclude Dr. Caplan.

Plaintiff:

Pattern:

1. 1.01 Introduction and Voir Dire
2. 1.02 Preliminary Instruction Before Trial
3. 1.03 Questions by Jurors
4. 2.02 Evidence in the Case
5. 2.03 Direct and Circumstantial Evidence
6. 2.04 Burden of Proof
7. 2.05 Judicial Notice
8. 2.06 Inadmissible and Stricken Evidence
9. 2.10 Credibility of Witnesses
10. 2.12 Expert Opinion
11. 2.13 Depositions as Evidence
12. 3.01 Instructions to be Considered as a Whole
13. 3.02 Selection of a Foreperson
14. 3.03 Unanimity and Duty to Deliberate
15. 3.04 Beginning of Deliberations
16. 3.05 Communications Between Court and Jury
17. 3.06 When Jurors Cannot Agree
18. 3.07 Delivering the Verdict
19. 5.01 Elements of a Negligence Claim
20. 5.02 Negligence Defined
21. 5.03 Assessment of the Circumstances
22. 5.04 Right to Assume Proper Conduct by Others
23. 5.09 Violation of Regulation/Statute—Negligence Per Se
24. 5.10 Violation of Regulation/Statute - Evidence of Negligence
25. 5.12 Cause Defined

26. 6.02    Vicarious Liability – Basis

27. 6.03    Agency or Scope of Employment Conceded

28. 7.02    Driver's Duty Defined

29. 7.03    Duty to Maintain Proper Lookout

30. 8.01    Common Carrier - Degree of Care

31. 8.02    Common Carrier – Passenger Relationship

32. 12.01    Damages – Jury to Award

33. 12.02    Extent of Damages – Cause

34. 13.01    Damages- Elements

35. 13.02 Permanent Injury Absent Medical Testimony

36. 13.03    Medical Treatment

37. 13.04    Lost Earning – Past and Present

38. 13.07    Aggravation of Preexisting Condition

39. 13.08    Special Susceptibility

40. 13.09    Emotional Distress

41. 13.10    Life Expectancy


Plaintiff reserves the right to request a specific instruction at trial if the evidence warrants it.

Plaintiff has no modification requests for the standard Jury Instructions.


Non-pattern:

WMATA, like any common carrier, owes a duty of reasonable care to its passengers. D.C. Transit System, Inc. v. Carney, 254 A.2d 402, 403 (D.C.1969); RESTATEMENT (SECOND) OF TORTS § 314A (1965).  Objection.  Pattern jury instruction 8.01 properly cover WMATA's duty of care.

D.C. Mun. Regs. Tit. 18, § 2208.1
When two (2) vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.   Objection.  Not applicable to the care at bar.

D.C. Mun. Regs. Tit. 18, § 2208.2
The driver of a vehicle intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard. Objection.  Not applicable to the care at bar.

D.C. Mun. Regs. Tit. 18, § 2207.4
The driver of a vehicle intending to leave a public roadway by turning left between intersections shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard.  Objection.  Not applicable to the case at bar.

D.C. Mun. Regs. Tit. 18, § 2200.5
The driver of every vehicle shall, consistent with requirements of this section, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing; when approaching and going around a curve; when approaching a hill crest; when traveling upon any narrow or winding roadway; and when special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions.  Not applicable to the case at bar.

D.C. Mun. Regs. Tit. 18, § 2204.2
No person shall turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.  Objection.  Not applicable to the case at bar.

D.C. Mun. Regs. Tit. 18, § 2213.4
Attention, Full time and Failure to give full time and attention to operation of vehicle. Objection.  This regulation is incomplete.  Furthermore, negligence is defined and covered by pattern instruction 5.02.

Plaintiff reserves the right to request a specific non-standard instruction at trial if the evidence warrants it.

L.      Depositions:

Plaintiff: The Plaintiff reserves the right to use the deposition transcripts of any party, witness, and expert witness as for cross-examination, impeachment, and for every other purpose permitted by the Rules of Civil Procedure.  De bene depositions of some witnesses have been taken in lieu of live testimony in accordance with the rules.

Defendant: WMATA reserves the right to use the Plaintiff's deposition transcript for impeachment purposes and any other reason allowed under the rules.

M.      Other Issues:

Plaintiff: Plaintiff has discussed with counsel for Defendants and issued a subpoena (which Defense counsel has accepted service) to have Ms. Jacqlene Banks, Mr. Benjamin Singleton and Ms. Shikeara Jones appear live at trial.

Defendant: None.

/s/ Michael Reiter
Michael Reiter, Esq. (Bar No.: 981814)
Shaketta Denson, Esq. (Bar No.: 413452)
ChasenBoscolo Injury Lawyers
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
(301) 220-0050
(301) 474-1230 (fax)
mreiter@chasenboscolo.com
sdenson@chasenboscolo.com
*Attorneys for Plaintiff*

/s/ Nicholas Phucas
Nicholas Phucas, Esq. (Bar No.: 475163)
Sarah E. Allison, Esq. (Bar No. 996402)
WMATA
Office of the General Counsel
600 5th St., NE
Washington, DC 20001
(202) 962-2886
(202) 962-2550 (fax)
nphucas@wmata.com
eallison@wmata.com
*Attorneys for Defendant*