# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

MONIQUE DAVIS                          :
                                       :
    Plaintiff,                         :          Case No. 19-cv-00660-APM
                                       :
    v.                                 :
                                       :
WASHINGTON METROPOLITAN AREA :
TRANSIT AUTHORITY                      :
                                       :
    Defendant.                         :

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF USE OF WMATA'S STANDARD OPERATING PROCEDURES REGARDING LEFT-TURNS

Monique Davis (hereinafter "Ms. Davis"), by and through counsel, Michael D. Reiter, and

**CHASEN**BOSCOLO Injury Lawyers, respectfully requests that this Honorable Court to permit discussion of

WMATA'S Standard Operating Procedures regarding left-hand turns for all the reasons stated herein.

## MEMORANDUM IN SUPPORT

In a negligence action, the plaintiff "bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *WMATA v. Jeanty* 718, A.2d 172 (1998). The standard of care is "that of a reasonable man under like circumstances" and a jury can "ordinarily ascertain this standard *without the aid of expert testimony.*" *Whiteru v. WMATA*, 258 F.Supp.3d 175 (2017), citing Godfrey *v. Iverson*, 559 F.2d 569, 572 (D.C. Cir. 2009) (emphasis added). Expert testimony is *only* required to establish the proper standard of care when "the subject in question is so distinctly related to some science, profession or occupation" as to be beyond the average person's "common knowledge and everyday experience." *Id.* (citations omitted)(emphasis added). Here, expert testimony is clearly not required to establish the standard of care given that safely making a left-hand turn is obviously not related to some science, nor is it *distinctly* related to a profession or occupation. Instead, the standard of care in safely making a safe left-hand turn is well within the ken of an average layperson. As a result, Ms. Davis can discuss and cross-examine on WMATA's standard operating procedures without the need for any expert testimony.

In addition, in *Jeanty*, WMATA argued that evidence of its internal procedures and failure to abide by such was inadmissible. The DC Court of Appeals, in addressing this contention, cited *Garrison v. D.C. Transit Sys,., Inc.,* 196 A.2d 924 (D.C. 1964), which states:

> [T]hat regulations of a defendant for guidance of its employees in the performance of their duties *are admissible* and may be considered on the issue of whether due care was exercised by the employee under the particular circumstances of the case.

(emphasis added). While internal company rules are "not 'conclusive' or 'wholly definitive' and their violation does not constitute negligence *per se*", they *do* "constitute some indication of the care required under the circumstances, and may be properly considered by the jury in determining the question of negligence" and are "admissible as *bearing on the* standard of care." *WMATA v. Young*, 731 A.2d 389

(citing *Garrison*) (emphasis supplied); *Briggs v. WMATA*, 481 F.3d 839 (D.C. Cir. 2007) (citations omitted)(emphasis supplied). The court in *Young* further held that WMATA's SOP was "some evidence of the degree of care required under the circumstances." *Id* at 398 (SOP pertaining to right turns and instructed drivers to use right side view mirror and inside mirror to ensure the right side of the bus would clear corner curb and vehicles or pedestrians).

Here, likewise, evidence of WMATA's SOP's pertaining to left turns is admissible to establish the standard of care required of its bus driver. The SOP states that its purpose "is to define guidelines and procedures for WMATA personnel when making left turns under normal conditions", and defines a "proper left turn" as one which "creates no hazards, safely clears all obstacles and is kept as near as possible in its own lane." SOP 8.1. While the SOP cannot itself be "wholly definitive" of the care required under the circumstances, it is, as in *Young*, "some evidence of the degree of care required", and should be fertile grounds for cross-examination.

In offering WMATA's SOP as some evidence of the appropriate standard of care, Ms. Davis is in no way requesting that a higher standard of care be imposed on WMATA. To the contrary, WMATA's SOP's are consistent with the duty of drivers to exercise ordinary care, which is what the jury will be instructed on. This case involves allegations of a failure of WMATA's driver to yield the right of way and safely execute a left-hand turn at the time of the subject collision. While WMATA's SOP's are not dispositive, the jury should be permitted to consider those SOP's on left-hand turns as the SOP's do "constitute some indication of the care required under the circumstances, and may be properly considered by the jury in determining the question of negligence" and are "admissible as *bearing on the* standard of care." *WMATA v. Young*, 731 A.2d 389 (citing *Garrison*) (emphasis supplied); *Briggs v. WMATA*, 481 F.3d 839 (D.C. Cir. 2007) (citations omitted)(emphasis supplied).

## CONCLUSION

Based on the foregoing reasons, WMATA's SOP's on left-hand turns, should be permitted to be discussed and raised during trial and/on cross examination.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2021 I served Plaintiff's Memorandum in Support of Use of WMATA's Standard Operating Procedures Regarding Left Turns via email only, due to the circumstances created by COVID-19:

Nicholas L. Phucas, Esq.
600 5th Street, N.W.
Washington, D.C. 20001
*Counsel for Defendant*

/s/_____
Michael D. Reiter, Esq.
DC Bar #29892