# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monique R. Davis | ) |
|     Plaintiff, | ) |
| | ) CASE NO. 19-cv-00660 APM |
| v. | ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | ) |
|     Defendant. | ) |

## WMATA'S MEMORANDUM OF LAW REGARDING STADARD OPERATING PROCEDURES

WMATA hereby submits the following memorandum of law regarding Plaintiff's intent to utilize WMATA's standard operating procedures at trial:

While a plaintiff's expert may point to rules or guidelines set forth in a defendant's own guidebook or its standard operating procedures as evidence of the standard of care, the expert must adequately demonstrate that those rules or guidelines reflect or embody a national standard of care. *Clark v. Dist. of Columbia*, 708 A.2d 632, 636-637 (D.C. 1997); see also *Robinson v. WMATA*, 941 F.Supp.2d 61, 69 (D.D.C. 2013) and *Varner v. Dist. of Columbia*, 891 A.2d 260, 269-270 (D.C. 2006). " 'To hold otherwise would create the perverse incentive for [a defendant agency] to write its internal operating procedures in such a manner as to impose minimal duties upon itself in order to limit civil liability rather than imposing safety requirements upon its personnel that may far exceed those followed by comparable institutions.' " *Briggs v. WMATA*, 481 F.3d at 848 (quoting Dist. of Columbia v. Arnold & Porter, 756 A.2d at 435)."

In the instant case, the applicable standard of care is embodied in instruction §8.01

Common Carrier-Degree of Care. WMATA's Standard Operating Procedures ("SOPs") are not admissible to create a duty on the part of WMATA or to establish a standard of care and are thus irrelevant here. *See, e.g., Robinson v. WMATA*, 941 F.Supp.2d 61, 68-69; 71-72 (D.D.C. 2013); *see also Varner v. District of Columbia*, 891 A.2d 260, 269-270 (D.C. 2006); *Clark v. District of Columbia*, 708 A.2d 632, 636-37 (D.C. 1997); and *Briggs v. WMATA*, 481 F.3d. 839, 846 (D.C. Cir 2007). District of Columbia law governs the standard of care, not WMATA's SOPs. *See, e.g., Robinson v. WMATA*, 941 F.Supp.2d 61, 71-72 (D.D.C. 2013). Furthermore, WMATA's SOP on page 1 states that it concerns left turns "under normal conditions." *See* Exhibit 1. As such it is not applicable here as "normal conditions" do not include motorcycles exceeding 80 miles per hour and careening into buses at high speed.

The Plaintiff's only reason for utilizing WMATA's SOPs is for the purpose of establishing a standard of care that WMATA should be judged by. This is her stated purpose in her memorandum at Page 2, first paragraph. That is not a proper purpose. SOPs cannot be used to establish negligence per se. *See Clark v. District of Columbia*, 708 A.2d 632, 636 (D.C. 1997).

To the extent the SOPs have any relevance, such relevance is far outweighed by the risk of confusing the jury about the critical issue of the appropriate standard of care and prejudicing Defendant. To the extent WMATA's SOP is different that applicable District of Columbia law, it would only stand to confuse the jury. As such, they should be excluded under Federal Rule 403.

              Respectfully Submitted,

              **WASHINGTON METROPOLITAN AREA**
              **TRANSIT AUTHORITY**

/s/ Nicholas L. Phucas
Nicholas L. Phucas, #475163
Senior Counsel
WMATA
600 5th St., N.W.
Washington, D.C. 20001
(202) 962-2886
(202) 962-2550 (facsimile)
nlphucas@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memo was served electronically this 23rd day of August 2021, to:

Michael D. Reiter
Shaketta Denson
Chasen & Boscolo
700 5th Street, NW, Suite 300
Greenbelt, MD  20770

/s/ Nicholas L. Phucas
Nicholas L. Phucas, #475163