IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monique R. Davis )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY )<br>)<br>)<br>     Defendant. ) | CASE NO. 19-cv-660 APM |

**PLAINTIFF MONIQUE R. DAVIS' RULE 26(A)(2) DISCLOSURES**

Plaintiff, through counsel Michael Reiter, Alicia L. Kimi and **CHASEN**BOSCOLO INJURY LAWYERS, pursuant to Federal Rules of Civil Procedure 26(a)(2) and the Scheduling Order entered by this Court, respectfully submits the following list of expert witnesses.  Based on the state of discovery, Ms. Davis reserves the right to amend and/or supplement this list:

1) Dr. Easton L. Manderson, MD, FACS, Manderson Orthopedic Clinic, 1140 Varnum NE, Suite 207, Washington DC 20017.

   Dr. Easton L. Manderson who saw Ms. Davis at Manderson Orthopedic Clinic will testify within a reasonable degree of medical certainty or probability based on his years of education, knowledge, skill, training and experience as to the injuries proximately caused by the April 20, 2016 incident.  Dr. Manderson is one of Ms. Davis' treating doctors.  Dr. Manderson will testify that he saw Ms. Davis on May 22, 2019 for leg pain, knee pain and low back pain with sciatic pain to both lower extremities which were caused by and/or aggravated by the April 20, 2016 bus crash. Dr. Manderson will testify that Ms. Davis had spinal injections that were not effective.  Dr. Manderson will opine that the injuries sustained and the conditions from which Plaintiff suffers are proximately caused by the April 20, 2016 incident on which this civil action is based.  He may testify as to the specific periods of time that it would have been fair, reasonable, and necessary for Plaintiff to have been off of work. He will testify as to whether or not the Plaintiff had a previous condition that was aggravated by the subject incident.  He will testify to the nature and extent of Ms. Davis' injury, including permanent deficits she will experience as a result of the subject crash.

   He will testify that he saw Ms. Davis on May 22, 2019 to for treatment for pain from the bus crash where she was a passenger on a metro bus which collided with a motorcyclist on April 20, 2016. Dr. Manderson will testify that he reviewed the MRI results and observed bilateral L5 pars defects and that the symptoms from those findings were either caused by and/or aggravated by the April 20, 2016 incident. He will further testify that he reviewed Ms. Davis' records and that surgery may be indicated as the spinal injections previously administered were not effective. He will testify that the symptoms from those findings were either caused by and/or aggravated by the April 20, 2016 incident.

   Dr. Manderson will testify that he then diagnosed her with observed bilateral L5 pars defects. Dr. Manderson will testify that he reviewed Ms. Davis' prior medical history, including having a sink

falling on her back in 2015. Dr. Manderson will testify that prior to this injury, as of April 15, 2016, Ms. Davis noted that she was experiencing less severe headaches since taking the gabapentin TID and flexeril QHS following the sink incident. Dr. Manderson will testify that Ms. Davis' injuries discussed above were proximately caused by the April 20, 2016 incident and that her injuries are permanent and proximately caused by the subject incident.

      Dr. Manderson will testify as to the bases and foundation of his opinions regarding Ms. Davis' injuries. He are expected to testify consistent with the medical reports attached to this 26 (a)(2)(B) designation where their findings are discussed in detail. He will testify to all the above within a reasonable degree of professional or medical certainty. He will also testify within a reasonable degree of professional or medical certainty as to a summary of treatment provided to Ms. Davis by other providers, which they relied on in forming their opinions, following the subject incident, including at Surgcenter of Greenbelt, LLC, ATI Physical, Washington Imaging Associates, Gerald Family Care, Neurophysiology, LLC, Community Radiology Associates, United Medical Center, Howard University Hospital, Advanced Pain Medicine Institute, Providence Hospital, Portera Rehabilitation, Metro Spine, P.C., The Washington Pain Center, Metropolitan DC Neurology, Manderson Orthopaedic Center and D.C. Fire and EMS Department, was fair, reasonable, necessary, and caused by the April 20, 2016 subject incident, and that the charges from that treatment are fair, reasonable, necessary and causally related to the subject incident. He may also testify as to any future symptoms Ms. Davis may experience as a result of the subject incident and any medication that she may require in the future as well as any anticipated cost. It is anticipated that Dr. Manderson will testify consistent with his opinions as articulated above and treatment reports.

      Dr. Manderson's Curriculum Vitae is attached hereto as Exhibit 1.

2) Dr. Marc F. Schlosberg, MD, Metropolitan DC Neurology, 106 South Irving Street NW, Suite 421 South, Washington, DC 20010.

      Dr. Marc F. Schlosberg who saw Ms. Davis at Metropolitan DC Neurology will testify within a reasonable degree of medical certainty based on his years of education, training, knowledge, skill and experience as to the injuries caused by the April 20, 2016 incident. Dr. Schlosberg is one of Ms. Davis' treating doctors. Dr. Schlosberg will testify that he saw Ms. Davis on April 16, 2019 for follow up care for migraine headaches caused by and/or aggravated by the April 20, 2016 bus crash. Dr. Schlosberg will testify that Ms. Davis was under the care of Dr. Jane F. Peng, MD, PhD for the headaches caused by and/or aggravated by the April 20, 2016 bus crash. Dr. Schlosberg will opine that the injuries sustained and the conditions from which Plaintiff suffers are proximately caused by the April 20, 2016 incident on which this civil action is based. He may testify as to the specific periods of time that it would have been fair, reasonable, and necessary for Plaintiff to have been off of work. He will testify as to whether or not the Plaintiff had a previous condition that was aggravated by the subject incident. He will testify to the nature and extent of Ms. Davis' injury, including permanent deficits she will experience as a result of the subject crash.

   He will testify that he saw Ms. Davis on April 16, 2019 to for treatment for chronic migraine headache pain and related symptoms, including dizziness, nausea, sensitivity to light, and tinnitus from the bus crash where she was a passenger on a metro bus which collided with a motorcyclist on April 20, 2016. Dr. Schlosberg will testify that he reviewed Dr. Peng's records, her MRI results, and took a full history and will testify her symptoms from those findings were either caused by and/or aggravated by the April 20, 2016 incident. He will further testify that he reviewed Ms. Davis' medical records related to the April 20, 2016 bush crash. He will testify that

the symptoms from his findings were either caused by and/or aggravated by the April 20, 2016 incident.

Dr. Schlosberg will testify that he diagnosed her with chronic daily headaches proximately caused by the subject crash. Dr. Schlosberg will testify that he reviewed Ms. Davis' prior medical history, including having a sink falling on her back in 2015 and previous headaches. Dr. Schlosberg will testify that prior to this injury, as of April 15, 2016, Ms. Davis noted that she was experiencing less severe headaches since taking the gabapentin TID and flexeril QHS following the sink incident. Dr. Schlosberg will testify that he placed her on topiramate and rizatriptan, which have helped to control the frequency and severity of the headaches. Dr. Schlosberg will testify that Ms. Davis' injuries discussed above were proximately caused by the April 20, 2016 incident and that her injuries are permanent and proximately caused by the subject crash.

Dr. Schlosberg will testify as to the bases and foundation of his opinions regarding Ms. Davis' injuries.  He is expected to testify consistent with the medical reports attached to this 26 (a)(2)(B) designation where their findings are discussed in detail. He will testify to all the above within a reasonable degree of medical certainty or probability. He will also testify within a reasonable degree of medical certainty or probability as to a summary of treatment provided to Ms. Davis by other providers, which they relied on in forming their opinions, following the subject incident, including at Surgcenter of Greenbelt, LLC, ATI Physical, Washington Imaging Associates, Gerald Family Care, Neurophysiology, LLC, Community Radiology Associates, United Medical Center, Howard University Hospital, Advanced Pain Medicine Institute, Providence Hospital, Portera Rehabilitation, Metro Spine, P.C., The Washington Pain Center, Metropolitan DC Neurology, Manderson Orthopaedic Center and D.C. Fire and EMS Department, was fair, reasonable, necessary, and caused by the April 20, 2016 subject incident, and that the charges from that treatment are fair, reasonable, necessary and proximately caused by the subject incident.  He will also testify as to any future symptoms Ms. Davis may experience as a result of the subject incident and any medication that she may require in the future as well as any anticipated cost. It is anticipated that Dr. Schlosberg will testify consistent with the opinions as articulated above and his treatment reports.

       Dr. Schlosberg's Curriculum Vitae will be supplemented.

3) Dr. Reza Ghorbani, MD, ABIPP, FIPP, Advanced Pain Medicine Institute, 7501 Greenway Canter Dr, Suite 660, Greenbelt, MD 20770.

    Dr. Reza Ghorbani who saw Ms. Davis at Advanced Pain Medicine Institute will testify within a reasonable degree of medical certainty or probability based on his years of education, training, knowledge, skill and experience as to the injuries caused by the April 20, 2016 incident. Dr. Ghorbani is one of Ms. Davis' treating doctors.  Dr. Ghorbani will testify that he saw Ms. Davis starting on June 7, 2016 for neck, shoulder, arm pain, headaches, cervical radiculopathy, and back pain which were caused by and/or aggravated by the April 20, 2016 bus crash. Dr. Ghorbani will testify that Ms. Davis had several MRIs which he reviewed.  He is expected to testify that despite conservative treatment including physical therapy, Ms. Davis was not getting better.  He is expected to testify he then administered Bilateral C7,C6, C5, C4 Medial Branch Blocks.. Dr. Ghorbani will opine that the injuries sustained and the conditions from which Plaintiff suffers are proximately caused by the April 20, 2016 incident on which this civil action is based.  He may testify as to the specific periods of time that it would have been fair, reasonable, and necessary for Plaintiff to have been off of work. He will testify as to whether or not the Plaintiff had a previous condition that was aggravated by the subject incident.  He will testify to the nature and extent of Ms. Davis' injury, including permanent deficits she will

experience as a result of the subject crash.

Dr. Ghorbani will testify that he reviewed the numerous MRI results and found that the symptoms from those findings were either caused by and/or aggravated by the April 20, 2016 incident. He will further testify that he reviewed Ms. Davis' records and that surgery may be indicated as the spinal injections previously administered were not effective. He will testify that the symptoms from those findings were either caused by and/or aggravated by the April 20, 2016 incident.

Dr. Ghorbani will testify that he then diagnosed her with chronic pain syndrome, cervicalgia, radiculopathy, dorsalgia, cervical disc displacement, sprain of joints and ligaments, and chronic headaches proximately caused by the subject incident. Dr. Ghorbani will testify that he reviewed Ms. Davis' prior medical history, including having a sink falling on her back in 2015.  Dr. Ghorbani will testify that prior to this injury, as of April 15, 2016, Ms. Davis noted that she was experiencing less severe headaches since taking the gabapentin TID and flexeril QHS following the sink incident. Dr. Ghorbani will testify that Ms. Davis' injuries discussed above were proximately caused by the April 20, 2016 incident and that her injuries are permanent and proximately caused by the subject incident.

Dr. Ghorbani will testify as to the bases and foundation of his opinions regarding Ms. Davis' injuries.  He are expected to testify consistent with the medical reports attached to this 26 (a)(2)(B) designation where his findings are discussed in detail. He will testify to all the above within a reasonable degree of medical certainty or probability. He will also testify within a reasonable degree of professional or medical certainty as to a summary of treatment provided to Ms. Davis by other providers, which they relied on in forming their opinions, following the subject incident, including at Surgcenter of Greenbelt, LLC, ATI Physical, Washington Imaging Associates, Gerald Family Care, Neurophysiology, LLC, Community Radiology Associates, United Medical Center, Howard University Hospital, Advanced Pain Medicine Institute, Providence Hospital, Portera Rehabilitation, Metro Spine, P.C., The Washington Pain Center, Metropolitan DC Neurology, Manderson Orthopaedic Center and D.C. Fire and EMS Department, was fair, reasonable, necessary, and caused by the April 20, 2016 subject incident, and that the charges from that treatment are fair, reasonable, necessary and proximately caused by the subject incident.  He may also testify as to any future symptoms Ms. Davis may experience as a result of the subject incident and any medication that she may require in the future as well as any anticipated cost. It is anticipated that Dr. Ghorbani will testify consistent with the opinions articulated above and his treatment reports.

Dr. Ghorbani's Curriculum Vitae is attached hereto as exhibit 2.

4) Dr. Melvin D. Gerald and Dr. Edwin S. Williams, Primary Care Provider, Gerald Family Care, P.C., 4744 Marlboro Pike, Capitol Heights, MD 20743

Dr. Melvin D. Gerald and/or Dr. Edwin S. Williams who saw Ms. Davis at Gerald Family Care, P.C., will testify within a reasonable degree of medical certainty or probability based on his years of education, training, knowledge, skill and experience  as to the injuries proximately caused by the April 20, 2016 incident.  Dr. Gerald and Dr. Williams are Ms. Davis' treating doctors.  Dr. Gerald or Dr. Williams will testify that their practice saw Ms. Davis on April 26, 2016 for back pain, dizziness, headaches, neck pain from her shoulder to arm  after her discharge from United Medical Center and Providence Hospital as follow up from the April 20, 2016 bus collision. Dr. Gerald or Dr. Williams will testify that Ms. Davis had been prescribed Ibuprofen, Gabapentin, and Cyclobenzaprine.  Dr. Gerald or Dr. Williams will opine that the injuries

sustained and the conditions from which Plaintiff suffers are proximately caused by the April 20, 2016 incident on which this civil action is based. They may testify as to the specific periods of time that it would have been fair, reasonable, and necessary for Plaintiff to have been off of work. They will testify as to whether or not the Plaintiff had a previous condition that was aggravated by the subject incident. They will testify to the nature and extent of Ms. Davis' injury, including permanent deficits she may experience as a result of the subject crash.

They will testify that they reviewed numerous MRI results, both prior to and subsequent to the April 20, 2016 collision and that the symptoms from those findings were either caused by and/or aggravated by the April 20, 2016 incident. They will testify that they diagnosed her with dorsalgia, cervicalgia, and headaches with dizziness and referred her for physical therapy, pain management, and to see a neurologist. They will testify that Ms. Davis' injuries discussed above were proximately caused by the April 20, 2016 incident and that her injuries are permanent and proximately caused by the subject incident.

Dr. Gerald and Dr. Williams will testify as to the bases and foundation of their opinions regarding Ms. Davis' injuries. They are expected to testify consistent with the medical reports attached to this 26 (a)(2)(B) designation where their findings are discussed in detail. They will testify to all the above within a reasonable degree of medical certainty or probability. They will also testify within a reasonable degree of professional or medical certainty as to a summary of treatment provided to Ms. Davis by other providers, which they relied on in forming their opinions, following the subject incident, including at Surgcenter of Greenbelt, LLC, ATI Physical, Washington Imaging Associates, Gerald Family Care, Neurophysiology, LLC, Community Radiology Associates, United Medical Center, Howard University Hospital, Advanced Pain Medicine Institute, Providence Hospital, Portera Rehabilitation, Metro Spine, P.C., The Washington Pain Center, Metropolitan DC Neurology, Manderson Orthopaedic Center and D.C. Fire and EMS Department, was fair, reasonable, necessary, and caused by the April 20, 2016 subject incident, and that the charges from that treatment are fair, reasonable, necessary and proximately caused by the subject incident. They may also testify as to any future symptoms Ms. Davis may experience as a result of the subject incident and any medication that she may require in the future as well as any anticipated cost. It is anticipated that Dr. Gerald and Dr. Williams will testify consistent with the opinions articulated above and their treatment reports..

Dr. Gerald and Dr. Williams' Curriculum Vitae's will be supplemented.

Ms. Davis' medical records referenced above were previously provided as part of the document production responses, and any additional treatment records will be supplemented upon receipt. Plaintiff reserves the right to supplement this designation and to add any other expert witness which Plaintiff's attorney deems necessary.

        Respectfully submitted,

        MONIQUE R. DAVIS

By:   /s/ Michael D. Reiter
       Michael D. Reiter (Bar Number: 29892)
       E-Mail: mreiter@chasenboscolo.com
       7852 Walker Drive, Suite 300
       Greenbelt, MD 20770
       Telephone: (301) 220-0050

                        Facsimile:  (301) 474-1230
                        *Counsel for Ms. Davis*

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served via electronic mail this 16th day of December 2019, to:

Nicholas L. Phucas, #475163
Senior Counsel
600 5th St., N.W.
Washington, D.C.   20001
(202) 962-2886
(202) 962-2550 (facsimile)
nlphucas@wmata.com
Counsel for Defendant

                        _/s/ Michael D. Reiter_____
                         Michael Reiter