# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | | |
|---|---|---|
| MONIQUE DAVIS | : | |
| | : | |
|     Plaintiff, | : | Case No. 19-cv-00660-APM |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON METROPOLITAN AREA | : | |
| TRANSIT AUTHORITY | : | |
| | : | |
|     Defendant. | : | |

## EXCEPTIONS TO JURY INSTRUCTIONS

WMATA, by counsel, respectfully makes the following exceptions to the Court's proposed jury instructions:

"[i]n cases presenting medically complicated questions of causation because of multiple and/or pre-existing causes for a plaintiff's injuries, expert testimony is required to avoid jury speculation." *Structural Pres. Sys. v. Petty*, 927 A.2d 1069, 1075 (D.C. 2007) (hereinafter "*Structural Preservation*"). "Absent expert testimony, a jury will not be permitted to consider the causal connection between a plaintiff's claimed injury and a defendant's negligence unless: '(1) the [injury] first emerged coincidentally with or very soon after the negligent act, or (2) the [injury] was of a type which by its very nature reflected its cause, or (3) the cause of the injury related to matters of common experience, knowledge, or observation of laymen.'" *Id.* at 1075-76 (quoting *Early v. Wagner*, 391 A.2d 252, 254 (D.C. 1978)). "'The law is settled that where an accident does not cause a diseased condition, but only aggravates and increases the severity of a condition existing at the time of the accident, such party could only recover for such increased or augmented sufferings as were the natural and proximate result of the negligent act.'" *Williams v. Patterson*, 681 A.2d 1147, 1150 (D.C. 1996) (quoting *Baltimore & O. R. Co. v. Morgan*, 35 App. D.C. 195 (D.C. Cir. 1910)). "Aggravation, in other words, requires a jury to differentiate between a present medical condition and a

preexisting one in evaluating the causal role of an intervening accident; only 'increased or augmented sufferings' proximately resulting from the accident are compensable in court." *Williams v. Patterson, supra.* Such differentiations and evaluations require expert medical testimony on causation. *See, Structural Preservation, supra.*

Although Plaintiff's experts baldly stated that some of her pre-existing conditions may have been aggravated by the subject accident, none of them provided an opinion on permanency or the need for future treatment. In light of the case law above, a medical expert is required to resolve any claims of permanency in the context of the aggravation of pre-existing injuries and Plaintiff is not able, as a lay person, to provide testimony on that issue. Furthermore, this case does not involve a disfigurement or deformity. Moreover, Plaintiff has not made a future lost wage claim and no expert has opined on her ability to currently perform her job duties. Finally, Plaintiff has not alleged any damage or loss of personal property. The foregoing impacts the instructions below, and WMATA proposes the following changes:

## **Damages – Elements**

If you find that WMATA's negligence caused Ms. Davis to suffer injury, then you must consider whether she is entitled to any damages. You may award damages for any of the following harms that you find WMATA's negligence or wrongful conduct caused:

1. the extent and duration of any physical injuries sustained by Ms. Davis;

2. the effects that any physical injuries have on the overall physical and emotional well-being of Ms. Davis;

3. any physical pain and emotional distress that Ms. Davis has suffered in the past;

4. 

5. any inconvenience Ms. Davis has experienced in the past;

6. any medical expenses incurred by Ms. Davis in the past;

7. any loss of earnings that Ms. Davis has incurred in the past; and

8.  .

You should not adjust the amount of damages you award, if any, based on whether or not those damages are subject to taxation.

### **Medical Treatment – Past**

If you determine that Ms. Davis is entitled to damages for medical expenses incurred, then you should determine the reasonable value of all medical services provided to Ms. Davis as a result of the conduct at issue. These medical services can include, but are not limited to, examinations, tests, and care by physicians and surgeons, services of nurses and attendants, hospital accommodations and care, ambulance services, medications, and any other services which were actually given and reasonably required for Ms. Davis' treatment.

### **Lost Earning – Past**

To determine the reasonable value of the time lost by Ms. Davis from her work caused by WMATA's negligence, you should consider any evidence of Ms. Davis' actual earnings and the work that she normally performed before the injury. You should then determine the amount that Ms. Davis was reasonably certain to have earned during the time lost from work because of WMATA's negligence.

Respectfully Submitted,

/s/ *Nicholas L. Phucas*
Nicholas L. Phucas, #475163
Senior Counsel
WMATA
600 5th St., N.W.
Washington, D.C.  20001
(202) 962-2886
(202) 962-2550 (facsimile)
eallison@wmata.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing exceptions was served electronically this 29th day of August 2021, to:

Michael D. Reiter
Shaketta Denson
7852 Walker Drive, Suite 300
Greenbelt, MD  20770

/s/ *Nicholas L. Phucas*
Nicholas L. Phucas