**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| MONIQUE DAVIS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 19-cv-660 (APM)** |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in.  It is now up to me to instruct you on the law.  Before we talk about the specific claim alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law.  Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function has been to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it has been my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

### Rulings on Objections

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness.  It is the duty of a lawyer to make objections if the lawyer believes something improper is being done.  When I sustained an objection to a question, the witness was not allowed to answer it.  Similarly, when I overruled an objection to a question, it simply means that the law only permits the witness to answer the question.  It is still up to you to decide how much weight, if any, the answer deserves.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

### Equality of Litigants

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion.   It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  A government agency, like

WMATA, has the same right to a fair trial as a private individual. All persons, including government agencies, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a party is a government agency must not affect your decision.

### Evidence in the Case

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties. You may consider any facts to which the parties have stipulated or agreed to be undisputed.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, questions that the lawyers ask are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial. Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

### Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out

a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Burden of Proof

The party who makes a claim has the burden of proving it.  This burden of proof means that Ms. Davis must prove every element of her claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue Ms. Davis had to prove, then your finding on that issue must be for WMATA.

In arriving at your verdict, you should consider only the evidence in this case.  That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense.  You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether that party or the

adversary produced it.  You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  Objections are not evidence.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

## Credibility of Witnesses

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone determine whether to believe any witness and to what extent any witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect

facts, and any other facts and circumstances bearing on credibility.  You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case.  You may consider the plausibility or implausibility of the testimony of a witness.  You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

## Expert Opinion

Some witnesses testified as experts. A person can be an expert based on his/her training, skill, experience, or education.

You should evaluate expert testimony like any other evidence. You may give expert testimony as much or little weight as you think it deserves, taking into account the witness' training and experience, his or her credibility, the reasons given for the opinion, and all the other evidence in the case.

## Depositions as Evidence

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers. During the trial, you heard deposition testimony that was presented by videotape.  You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

Ladies and gentlemen, I would now like to talk with you about the specific claims at issue in this case.

## Elements of a Negligence Claim

Ms. Davis alleges that WMATA was negligent and is liable for her harm.  A negligence claim has three elements:

1.   WMATA did not use ordinary care;

2.   WMATA's failure to use ordinary care caused Ms. Davis's harm; and

3.   Ms. Davis is entitled to damages as compensation for that harm.

Ms. Davis must prove each element by a preponderance of the evidence--that each element is more likely so than not so.

If Ms. Davis proves each element, your verdict must be for Ms. Davis.  If Ms. Davis does not prove each element, your verdict must be for WMATA.

I will now go over with you some legal principles should guide your consideration in deciding whether WMATA acted negligently in this case.

## Negligence Defined

A person is negligent if he or she does something that a person using ordinary care would not do, or fails to do something that a person using ordinary care would do. A person uses ordinary care when he or she uses the same level of skill, caution, and attention that a reasonable person would use in similar circumstances.

## Assessment of the Circumstances

A reasonable person changes his or her conduct according to the circumstances. If the risk or danger is greater, a reasonable person acts more carefully.

A person must use ordinary care to avoid an accident. The law does not try to regulate in detail what a person should do or observe for his or her own safety. The law does require, however, that a person pay reasonable attention. One who looks and does not see what is plainly there to be seen is as negligent as one who never looked at all.

A person may not ignore a known risk or obvious danger. A person should change his or her conduct according to a known or obvious risk or danger even if the risk or danger is created by another's physical condition or misconduct.

### Right to Assume Proper Conduct by Others

A person ordinarily has the right to assume that other people will exercise ordinary care and obey the law. A person also ordinarily has the right to assume that other people have normal abilities, intelligence, sight, and hearing.

A person does not have the right to assume that another person will exercise ordinary care if the person observes, or should reasonably have observed, that the other person either lacks one or more of the normal senses or abilities, or is not going to act reasonably or obey the law.

### Violation of Regulation

At the time the incident under consideration occurred, the following regulation (D.C. Mun. Regs. Tit. 18, § 2208.2) was in effect in the District of Columbia:

> The driver of a vehicle intending to turn to the left shall yield the
> right-of-way to any vehicle approaching from the opposite direction
> which is so close as to constitute an immediate hazard.

A person is considered negligent if he or she violates a regulation (including § 2208.2) that has been enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred. If you find that WMATA violated this regulation, then you must find that WMATA was negligent.

8

## Standard Operating Procedures

While WMATA's Standard Operating Procedures ("SOPs") are admissible as bearing on the standard of care, they are not conclusive or wholly definitive of the standard of care and cannot be used to create a duty on the part of WMATA or to establish a standard of care.

## Agency or Scope of Employment Conceded

In this case, WMATA admits that the employee's alleged acts or failures to act were committed in furtherance of the business of her employer. Therefore, WMATA is responsible for its employee's negligent acts or failures to act, if any.

## Driver's Duty Defined

A driver on a public roadway must use ordinary care at all times to avoid colliding with other persons and to avoid placing herself and others in danger. While a driver may assume that others will use ordinary care and obey the law, the driver may not, for that reason, fail to exercise ordinary care.

## Duty to Maintain Proper Lookout

When a person is using, or is about to use, a roadway either as a driver or a pedestrian, she has a duty to keep a proper lookout. That means she must reasonably observe traffic and other conditions which confront her to protect herself and others while using the roadway.

A person must always use ordinary care to avoid an accident. The law does not try to regulate in detail what particular observations a person should make or what a person specifically should do for her own safety.

The law does require, however, that a person look effectively. One who looks and does not see what is plainly there to be seen is as negligent as one who never looked at all.

**Right of Way Not Absolute**

The fact that one driver may have the right of way is not an absolute concept. When evaluating a claim of negligence, you must consider not only who had the technical right of way, but the relative distance of the vehicles from the intersection, their respective speeds and other traffic conditions. The driver having the right of way has the right to assume that another driver will comply with the law and yield to him. However, the fact that a driver has the technical right of way does not excuse him from having to use ordinary care to avoid injury of others.

**Common Carrier – Degree of Care**

WMATA offers public transportation of passengers, and therefore we call the WMATA a "common carrier." As a common carrier, WMATA must use ordinary care in carrying its passengers. To use ordinary care means to act as a reasonable person would under the circumstances.

For example, a bus driver must exercise all the care and caution which a bus driver of reasonable skill, foresight, and prudence could be fairly expected to exercise under the circumstances. What is reasonable under the circumstances depends upon the dangerousness of the situation or activity involved. The greater the danger, the greater care the driver must exercise.

However, the law does not require a common carrier like WMATA to guarantee the safety of its passengers. To hold WMATA liable for Ms. Davis' injuries, you must first find that WMATA was negligent.

**Common Carrier – Passenger Relationship**

The relationship between a passenger and common carrier begins when the passenger puts herself in the custody or control of the carrier, such as by entering the carrier's bus. A person's intent to become a passenger is not enough to make that person legally a passenger.

10

The relationship of the common carrier and passenger continues until the passenger leaves the carrier and has had a reasonable opportunity to get beyond any danger from the carrier's operation. After a person has left the carrier and has had a reasonable opportunity to get beyond any danger from the carrier's operation, that person is no longer considered a passenger of the carrier, and the carrier is no longer responsible for her safety.

## **Cause Defined**

As you will recall, the second element of a negligence claim is causation.  Ms. Davis must prove that it is more likely than not that WMATA's act or failure to act caused the harm.

An act, or a failure to act, causes harm if it played a substantial part in bringing about the harm. In addition, the harm must be either a direct result or a reasonably probable consequence of the act or failure to act.

If you find that WMATA violated a regulation and for that reason it was negligent, you must still decide whether that negligence caused Ms. Davis' harm.

## **Multiple Causes**

There may be more than one cause of harm.  Several factors or circumstances, or the acts or omissions of two or more persons, may cause the same harm.  Each of the acts or omissions that played a substantial part in the harm is a cause.  This is true even if one of the acts or omissions contributed more than another to causing the harm, so long as each act or omission played a substantial part in the harm.

It may be that you find the act or omission of the motorcyclist played a small part or even a large part in causing harm to Ms. Davis.  In such a case, if you find that WMATA engaged in a negligent act or omission that caused harm then WMATA is still responsible for the harm to Ms. Davis.

11

**Intervening Cause**

If you find that WMATA was negligent, you still must decide whether later negligent or criminal acts or omissions by someone else were an intervening cause of any harm to Ms. Davis. WMATA is not responsible for any harm to Ms. Davis if later negligent or criminal acts or omissions by a third person, in this case the motorcyclist, caused the harm to Ms. Davis and a reasonably prudent person in the bus driver's circumstances would not have anticipated the later acts or omissions and protected against them, even if the bus driver's negligence was a substantial cause of the injury.

On the other hand, if a reasonably prudent person in these circumstances would have anticipated the motorcyclist's acts or omissions and protected against them, then WMATA is still responsible for Ms. Davis' harm.

**Damages – Jury to Award**

If you find for Ms. Davis, then you must decide what amount of money will fairly and reasonably compensate her for the harm that you find was caused by WMATA.

**Extent of Damages – Cause**

Ms. Davis is entitled to compensation for any harm that WMATA's negligent or wrongful conduct caused. Conduct causes harm if it plays a substantial part in bringing about the harm. In addition, the harm must be either a direct result or a reasonably probable consequence of the conduct. WMATA is liable to pay damages only for the harm that WMATA's conduct caused. If you find that its conduct caused only part of Ms. Davis' harm, then you should award compensation only for that part.

**<u>Damages – Elements</u>**

If you find that WMATA's negligence caused Ms. Davis to suffer injury, then you must consider whether she is entitled to any damages. You may award damages for any of the following harms that you find WMATA's negligence or wrongful conduct caused:

1. the extent and duration of any physical injuries sustained by Ms. Davis;

2. the effects that any physical injuries have on the overall physical and emotional well-being of Ms. Davis;

3. any physical pain and emotional distress that Ms. Davis has suffered in the past;

4. any inconvenience Ms. Davis has experienced in the past;

5. any medical expenses incurred by Ms. Davis in the past; and

6. any loss of earnings that Ms. Davis has incurred in the past.

You should not adjust the amount of damages you award, if any, based on whether or not those damages are subject to taxation.

**<u>Medical Treatment</u>**

If you determine that Ms. Davis is entitled to damages for medical expenses incurred, then you should determine the reasonable value of all medical services provided to Ms. Davis as a result of the conduct at issue. These medical services can include, but are not limited to, examinations, tests, and care by physicians and surgeons, services of nurses and attendants, hospital accommodations and care, ambulance services, medications, and any other services which were actually given and reasonably required for Ms. Davis' treatment.

**<u>Lost Earnings</u>**

To determine the reasonable value of the time lost by Ms. Davis from her work caused by WMATA's negligence, you should consider any evidence of Ms. Davis' actual earnings and the

work that she normally performed before the injury. You should then determine the amount that Ms. Davis was reasonably certain to have earned during the time lost from work because of WMATA's negligence.

### Aggravation of Preexisting Condition

Ms. Davis claims that WMATA's conduct aggravated her prior injury or other health condition. To "aggravate" a prior condition is to make it worse by increasing it or intensifying it.

If WMATA's negligence aggravated Ms. Davis' prior injury or other health condition, then she is entitled to damages for the aggravation. However, in such circumstances, Ms. Davis is not entitled to damages for the prior condition to the extent that WMATA's conduct did not aggravate it.

### Special Susceptibility

WMATA is responsible for Ms. Davis' injury even if a prior injury, disability, or other condition made her more likely than a normal person to suffer injury because of WMATA's negligence. WMATA may not avoid responsibility for its negligent actions by showing that the injury would have been less serious if it had happened to someone else.

### Recovery for Emotional Distress

Ms. Davis is seeking damages for emotional distress. If you find WMATA's negligence caused her emotional distress, then you may award damages for the emotional distress. Ms. Davis has the burden to prove the amount of damages that fairly compensates her. There is no exact standard or mathematical formula for deciding the compensation to be awarded for this type of harm. Nor is the testimony of any witness required about the amount of compensation. To decide the amount that would fairly and reasonably compensate Ms. Davis for emotional distress, you should consider the facts of this case in the light of your own experience and common sense.

14

Elements to consider when deciding a damages award include: any mental pain and suffering, fear, inconvenience, nervousness, indignity, insult, humiliation, or embarrassment that Ms. Davis proves she suffered directly because of WMATA's negligence.

Before I excuse you to deliberate, I want to discuss a few final matters with you:

### Instructions to be Considered as a Whole

During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

### Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of that evidence.

### Unanimity and Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous—that is, each juror must agree on the verdict.

Each of you has a duty to consult with one another in an attempt to reach a unanimous verdict. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you

16

should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

## Beginning of Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by deputy, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 4-4 or 7-1, or in any other fashion—or whether the vote favors the plaintiff, the defendant, or where the jury is on any other issue in the case.

## **Delivering the Verdict**

When you have reached your verdict, send me a note—signed by the foreperson—telling me that you have reached your verdict.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  We will then call you into the courtroom and ask you your verdict in open court.

Thank you.  You may now retire to begin your deliberations.